**RETURN DATE: OCTOBER 17, 2023**      :      SUPERIOR COURT

MISSY STODDARD      :      J.D. OF HARTFORD

V.      :      AT HARTFORD

CITY OF HARTFORD, JARRETT HUNTER,
ADAM DEMAINE, CHRISTOPHER HUNYADI,
ANTHONY GAUADINO, and CLIDE PATINO    :      SEPTEMBER 5, 2023

## COMPLAINT

### FIRST COUNT: (CIVIL RIGHTS VIOLATIONS)

1.      From September 3, 2021 to September 6, 2023, plaintiff MISSY STODDARD was held against her will in an apartment in the City of Hartford by unidentified male. During her period of forced confinement, she was threatened with a gun to her head; she was tortured, beaten and assaulted by numerous men; she was forced to stand for such a length of time that her feet blistered and she defecated upon herself; and she was forced to take illegal narcotics. She was finally able to escape by pushing out an air conditioner unit in the room she was locked in and jumping out a window. As horrible as were these three days of mental and physical abuse, the plaintiff endured further injuries and damages by the defendant CITY OF HARTFORD and its members of the Hartford Police Department.

2.      At all times relevant hereto, the defendant CITY OF HARTFORD was a municipal corporation, organized and existing under the laws of the State of Connecticut, which operated, controlled and supervised the City of Hartford Police Department.

1

3.      This is an action for relief against the defendant CITY OF HARTFORD and its police officers for the City of Hartford who, acting under the color of law, have deprived the plaintiff of the rights, privileges and immunities secured to her by the United State Constitution, the Constitution of the State of Connecticut and laws of the United States and the State of Connecticut. Such deprivations are in violation of Title 42 of the United States Code, Sections 1981, 1983 and 1988, and Articles First, §§7, 9, and 10 of the Constitution of the State of Connecticut.

4.      After escaping the apartment, plaintiff MISSY STODDARD immediately walked to the City of Hartford Police Department Substation, located at 830 Maple Avenue, Hartford, Connecticut.

5.      At the Substation, plaintiff MISSY STODDARD rang the doorbell because the door was locked.  She was met at the door by defendant patrol officer ADAM DEMAINE, a member of the City of Hartford Police Department.  The plaintiff informed that she had been sexually assaulted and was in the need of an ambulance and assistance.

6.      Rather that coming to the aide of the plaintiff MISSY STODDARD, Defendant patrol officer ADAM DEMAINE refused to help her and told her to go to the Police Headquarters located at 253 High Street, more than three (3) miles away.

7.      Also present at the 830 Maple Avenue Substation was defendant patrol officer ANTHONY GAUADINO, a member of the City of Hartford Police Department, who failed to come to the aide or call emergency services for the plaintiff MISSY STODDARD.

8.      After being turned away by defendant patrol officer ADAM DEMAINE and defendant patrol officer ANTHONY GAUADINO, the plaintiff MISSY STODDARD walked to the Dunkin Dounuts located at 754 Maple Avenue and called 911.  She informed the 911 operator that she had been kidnapped and assaulted.  At that point, an ambulance personal and a City of Hartford Police Officer was dispatched to the Dunkin Donuts location.

9.      The plaintiff MISSY STODDARD was transported to Hartford Hospital, where defendant patrol officer CLIDE PATINO, a member of the City of Hartford Police Department, was assigned her case.  While at Hartford Hospital, plaintiff was treated and evaluated for her injuries and sexual assault.  Defendant patrol officer CLIDE PATINO activated his body camera and recorded her intimate and intrusive physical evaluation.

10.     For plaintiff MISSY STODDARD's complaint of kidnapping and physical and sexual abuse, the immediate supervisor of defendant patrol officer CLIDE PATINO was defendant Sergeant CHRISTOPHER HUNYADI, a member of the City of Hartford Police Department.

11.     Defendant CLIDE PATINO informed defendant Sergeant CHRISTOPHER HUNYADI that plaintiff MISSY STODDARD was the victim of a sexual assault.

12.     Upon being informed of the sexual assault of plaintiff MISSY STODDARD, it was the duty of defendant Sergeant CHRISTOPHER HUNYADI to assign additional resources to ensure the crime scene was protected and processed, to conduct a canvas for any suspect(s), locate possible witnesses and to ensure that support is provided to the victim.  It was also his duty to ensure that the Special Investigations Division was

notified.   Defendant Sergeant CHRISTOPHER HUNYADI failed to follow any of these procedures which resulted in the loss of physical evidence and negatively impacted the criminal investigation.

13.   After her release from Hartford Hospital, defendant detective JARRETT HUNTER was assigned to the investigation on September 9, 2021. Defendant detective JARRETT HUNTER's first phone call to plaintiff MISSY STODDARD was on September 21, 2021, which was twelve (12) days after receiving the complaint.  An interview was scheduled with plaintiff MISSY STODDARD for October 8, 2021.  Defendant detective JARRETT HUNTER was working that day, but never arrived for the interview with the plaintiff.   Because of his inactions, defendant detective JARRETT HUNTER missed opportunities to gather and preserve evidence in this investigation.

14.   The perpetrator(s) of the tortured, physical and mental abuse that was inflicted over these three (3) days against plaintiff MISSY STODDARD were never found because of the complete failure of the defendant CITY OF HARTFORD and its member of the City of Hartford Police Department to serve and protect plaintiff MISSY STODDARD and to investigate the crimes inflected upon her.

15.   The plaintiff MISSY STODDARD injuries and losses were directly and proximately caused by the deprivation of rights, privileges and immunities defendants CITY OF HARTFORD, JARRETT HUNTER, ADAM DEMAINE, CHRISTOPHER HUNYADI, ANTHONY GAUADINO and CLIDE PATINO in one or more of the following ways:

4

a.   They failed to perform assigned duties or other official work in a careless or negligent manner or in disregard of prescribed procedures in violation of Section 5.14 of the City of Hartford Police Department Code of Conduct;

b.   They failed to properly identify, collect or preserve evidence in a timely fashion due to careless or neglect in violation of Section 5.13 of the City of Hartford Police Department Code of Conduct;

c.   They violated the rules and regulations, published orders, directives, memoranda, or any lawful order, or any act which lends to undermine the good order, efficiency and discipline of the Department, or which reflects discredit upon the Department or any member thereof, which results in conduct unbecoming an officer in violation of Section 1.00 City of Hartford Police Department Code of Conduct;

d.   They failed to make proper notifications in violation of section 4.06 of the City of Hartford Police Department Code of Conduct;

e.   They failed to complete reports in a timely manner in violation of section 4.07 of the City of Hartford Police Department Code of Conduct;

f.   They failed to comply with lawful orders, procedures, directives or regulations, oral or written in violation of section 5.08 of the City of Hartford Police Department Code of Conduct;

g.   They failed intentionally to take appropriate action when necessary and/or failed to make a written report of same to appropriate Bureau, Division or Commanding Officer at the conclusion of the employee's tour of duty unless specifically waived by the Commander in violation of section 6.08 of the City of Hartford Police Department Code of Conduct;

h.   They failed to provide medical and psychological care to the plaintiff when they knew or should have known that she was subject to physical and mental abuse;

i.   They failed to follow the rules and procedures of the City of Hartford Police Department what would have resulted in the capture of the person(s) who subjected the plaintiff to physical and mental abuse;

j.   They failed to treat the plaintiff with dignity and respect.

16.     The aforementioned deprivation of rights, privileges and immunities constituted one or more breaches of a ministerial or private duty and/or breaches of a discretionary duty, subjecting the plaintiff MISSY STODDARD, an identifiable victim, to a risk of imminent harm.

17.     As a result of the deprivation of rights, privileges and immunities of defendants CITY OF HARTFORD, JARRETT HUNTER, ADAM DEMAINE, CHRISTOPHER HUNYADI, ANTHONY GAUADINO and CLIDE PATINO, the plaintiff MISSY STODDARD suffered or will suffer the following serious and permanent injuries, some of which include aggravation of pre-existing conditions:

a. Physical and mental pain and suffering.


18.     As a further result of the deprivation of rights, privileges and immunities of As a result of the deprivation of rights, privileges and immunities of defendants CITY OF HARFORD, JARRETT HUNTER, ADAM DEMAINE, CHRISTOPHER HUNYADI, ANTHONY GAUADINO and CLIDE PATINO, the plaintiff MISSY STODDARD was forced to incur expenses for medical care and attention, x-rays, physical therapy, prescriptions and the like and may in the future.

19.     As a further result of the deprivation of rights, privileges and immunities of defendants CITY OF HARTFORD, JARRETT HUNTER, ADAM DEMAINE, CHRISTOPHER HUNYADI, ANTHONY GAUADINO and CLIDE PATINO, the plaintiff MISSY STODDARD was unable to perform the usual activities of her household and everyday life as she did prior to this occurrence, all to her further loss and detriment.

**SECOND COUNT: (NEGLIGENCE)**

1-14.   Paragraphs one through fourteen, inclusive, of the First Count, inclusive, are hereby incorporated herein and made paragraphs one through fourteen, inclusive, of this Second Count.

15.   The plaintiff MISSY STODDARD injuries and losses were directly and proximately caused by the carelessness and negligence of defendants CITY OF HARTFORD, JARRETT HUNTER, ADAM DEMAINE, CHRISTOPHER HUNYADI, ANTHONY GAUADINO and CLIDE PATINO in one or more of the following ways:

a.   They failed to perform assigned duties or other official work in a careless or negligent manner or in disregard of prescribed procedures in violation of Section 5.14 of the City of Hartford Police Department Code of Conduct;

b.   They failed to properly identify, collect or preserve evidence in a timely fashion due to careless or neglect in violation of Section 5.13 of the City of Hartford Police Department Code of Conduct;

c.   They violated the rules and regulations, published orders, directives, memoranda, or any lawful order, or any act which lends to undermine the good order, efficiency and discipline of the Department, or which reflects discredit upon the Department or any member thereof, which results in conduct unbecoming an officer in violation of Section 1.00 City of Hartford Police Department Code of Conduct;

d.   They failed to make proper notifications in violation of section 4.06 of the City of Hartford Police Department Code of Conduct;

e.   They failed to complete reports in a timely manner in violation of section 4.07 of the City of Hartford Police Department Code of Conduct;

f.   They failed to comply with lawful orders, procedures, directives or regulations, oral or written in violation of section 5.08 of the City of Hartford Police Department Code of Conduct;

g.   They failed intentionally to take appropriate action when necessary and/or failed to make a written report of same to appropriate Bureau, Division or Commanding Officer at the conclusion of the employee's tour of duty unless

7

specifically waived by the Commander in violation of section 6.08 of the City of Hartford Police Department Code of Conduct;

h.      They failed to provide medical and psychological care to the plaintiff when they knew or should have known that she was subject to physical and mental abuse;

i.       They failed to follow the rules and procedures of the City of Hartford Police Department what would have resulted in the capture of the person(s) who subjected the plaintiff to physical and mental abuse;

j.       They failed to treat the plaintiff with dignity and respect.

16.      The aforementioned negligence constituted one or more breaches of a ministerial or private duty and/or breaches of a discretionary duty, subjecting the plaintiff MISSY STODDARD, an identifiable victim, to a risk of imminent harm.

17.      As a result of the carelessness and negligence of defendants CITY OF HARTFORD, JARRETT HUNTER, ADAM DEMAINE, CHRISTOPHER HUNYADI, ANTHONY GAUADINO and CLIDE PATINO, the plaintiff MISSY STODDARD suffered or will suffer the following serious and permanent injuries, some of which include aggravation of pre-existing conditions:

a.  Physical and mental pain and suffering.

18.      As a further result of the carelessness and negligence of defendants CITY OF HARTFORD, JARRETT HUNTER, ADAM DEMAINE, CHRISTOPHER HUNYADI, ANTHONY GAUADINO and CLIDE PATINO, the plaintiff MISSY STODDARD was forced to incur expenses for medical care and attention, x-rays, physical therapy, prescriptions and the like and may in the future.

19.     As a further result of the carelessness and negligence of defendants CITY OF HARFORD, JARRETT HUNTER, ADAM DEMAINE, CHRISTOPHER HUNYADI, ANTHONY GAUADINO and CLIDE PATINO, the plaintiff MISSY STODDARD was unable to perform the usual activities of her household and everyday life as she did prior to this occurrence, all to her further loss and detriment.

## THIRD COUNT: (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

1-14.   Paragraphs one through fourteen, inclusive, of the First Count, inclusive, are hereby incorporated herein and made paragraphs one through fourteen, inclusive, of this Third Count.

15.     The defendants intentionally inflicted emotional distress upon the plaintiff MISSY STODDARD in that they intended to inflict emotional distress or that they knew or should have known that emotional distress was likely to result from their conduct. Further their conduct was an extreme and outrageous.  The defendants' conduct was the cause of the plaintiff's distress. Finally, the emotional distress sustained by the plaintiff was severe.

16.     The plaintiff MISSY STODDARD injuries and losses were directly and proximately caused by the intentionally inflicted emotional distress of defendants CITY OF HARTFORD, JARRETT HUNTER, ADAM DEMAINE, CHRISTOPHER HUNYADI, ANTHONY GAUADINO and CLIDE PATINO in one or more of the following ways:

a.     They failed to perform assigned duties or other official work in a careless or negligent manner or in disregard of prescribed procedures in violation of Section 5.14 of the City of Hartford Police Department Code of Conduct;

b.      They failed to properly identify, collect or preserve evidence in a timely fashion due to careless or neglect in violation of Section 5.13 of the City of Hartford Police Department Code of Conduct;

c.      They violated the rules and regulations, published orders, directives, memoranda, or any lawful order, or any act which lends to undermine the good order, efficiency and discipline of the Department, or which reflects discredit upon the Department or any member thereof, which results in conduct unbecoming an officer in violation of Section 1.00 City of Hartford Police Department Code of Conduct;

d.      They failed to make proper notifications in violation of section 4.06 of the City of Hartford Police Department Code of Conduct;

e.      They failed to complete reports in a timely manner in violation of section 4.07 of the City of Hartford Police Department Code of Conduct;

f.      They failed to comply with lawful orders, procedures, directives or regulations, oral or written in violation of section 5.08 of the City of Hartford Police Department Code of Conduct;

g.      They failed intentionally to take appropriate action when necessary and/or failed to make a written report of same to appropriate Bureau, Division or Commanding Officer at the conclusion of the employee's tour of duty unless specifically waived by the Commander in violation of section 6.08 of the City of Hartford Police Department Code of Conduct;

h.      They failed to provide medical and psychological care to the plaintiff when they knew or should have known that she was subject to physical and mental abuse;

i.      They failed to follow the rules and procedures of the City of Hartford Police Department what would have resulted in the capture of the person(s) who subjected the plaintiff to physical and mental abuse;

j.      They failed to treat the plaintiff with dignity and respect.

17.      The aforementioned intentionally inflicted emotional distress constituted one or more breaches of a ministerial or private duty and/or breaches of a discretionary duty, subjecting the plaintiff MISSY STODDARD, an identifiable victim, to a risk of imminent harm.

18.     As a result of the intentionally inflicted emotional distress of defendants CITY OF HARTFORD, JARRETT HUNTER, ADAM DEMAINE, CHRISTOPHER HUNYADI, ANTHONY GAUADINO and CLIDE PATINO, the plaintiff MISSY STODDARD suffered or will suffer the following serious and permanent injuries, some of which include aggravation of pre-existing conditions:

a.  Physical and mental pain and suffering.


19.     As a further result of the intentionally inflicted emotional distress by the defendants CITY OF HARTFORD, JARRETT HUNTER, ADAM DEMAINE, CHRISTOPHER HUNYADI, ANTHONY GAUADINO and CLIDE PATINO, the plaintiff MISSY STODDARD was forced to incur expenses for medical care and attention, x-rays, physical therapy, prescriptions and the like and may in the future.

20.     As a further result of the intentionally inflicted emotional distress of defendants CITY OF HARTFORD, JARRETT HUNTER, ADAM DEMAINE, CHRISTOPHER HUNYADI, ANTHONY GAUADINO and CLIDE PATINO, the plaintiff MISSY STODDARD was unable to perform the usual activities of her household and everyday life as she did prior to this occurrence, all to her further loss and detriment.


**FOURTH COUNT: (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)**

1-14.  Paragraphs one through fourteen, inclusive, of the First Count are hereby incorporated herein and made paragraphs one through fourteen, inclusive, of this Fourth Count.

15.     The defendants caused negligent infliction of emotional distress in that their conduct created an unreasonable risk of causing the plaintiff MISSY STODDARD emotional distress.   The plaintiff's distress was foreseeable.   The emotion distress severe enough to result in illness and bodily harm. The defendants' conduct was the cause if the plaintiff's emotional distress.

16.     The plaintiff MISSY STODDARD injuries and losses were directly and proximately caused by the negligent infliction of emotional distress of defendants CITY OF HARTFORD, JARRETT HUNTER, ADAM DEMAINE, CHRISTOPHER HUNYADI, ANTHONY GAUADINO and CLIDE PATINO in one or more of the following ways:

a.     They failed to perform assigned duties or other official work in a careless or negligent manner or in disregard of prescribed procedures in violation of Section 5.14 of the City of Hartford Police Department Code of Conduct;

b.     They failed to properly identify, collect or preserve evidence in a timely fashion due to careless or neglect in violation of Section 5.13 of the City of Hartford Police Department Code of Conduct;

c.     They violated the rules and regulations, published orders, directives, memoranda, or any lawful order, or any act which lends to undermine the good order, efficiency and discipline of the Department, or which reflects discredit upon the Department or any member thereof, which results in conduct unbecoming an officer in violation of Section 1.00 City of Hartford Police Department Code of Conduct;

d.     They failed to make proper notifications in violation of section 4.06 of the City of Hartford Police Department Code of Conduct;

e.     They failed to complete reports in a timely manner in violation of section 4.07 of the City of Hartford Police Department Code of Conduct;

f.     They failed to comply with lawful orders, procedures, directives or regulations, oral or written in violation of section 5.08 of the City of Hartford Police Department Code of Conduct;

12

g.      They failed intentionally to take appropriate action when necessary and/or failed to make a written report of same to appropriate Bureau, Division or Commanding Officer at the conclusion of the employee's tour of duty unless specifically waived by the Commander in violation of section 6.08 of the City of Hartford Police Department Code of Conduct;

h.      They failed to provide medical and psychological care to the plaintiff when they knew or should have known that she was subject to physical and mental abuse;

i.      They failed to follow the rules and procedures of the City of Hartford Police Department what would have resulted in the capture of the person(s) who subjected the plaintiff to physical and mental abuse;

j.      They failed to treat the plaintiff with dignity and respect.

17.     The aforementioned negligent infliction of emotional distress constituted one or more breaches of a ministerial or private duty and/or breaches of a discretionary duty, subjecting the plaintiff MISSY STODDARD, an identifiable victim, to a risk of imminent harm.

18.     As a result of the negligent infliction of emotional distress of defendants CITY OF HARTFORD, JARRETT HUNTER, ADAM DEMAINE, CHRISTOPHER HUNYADI, ANTHONY GAUADINO and CLIDE PATINO, the plaintiff MISSY STODDARD suffered or will suffer the following serious and permanent injuries, some of which include aggravation of pre-existing conditions:

a. Physical and mental pain and suffering.

19.     As a further result of the negligent infliction of emotional distress of defendants CITY OF HARTFORD, JARRETT HUNTER, ADAM DEMAINE, CHRISTOPHER HUNYADI, ANTHONY GAUADINO and CLIDE PATINO, the plaintiff MISSY STODDARD was forced to incur expenses for medical care and attention, x-rays, physical therapy, prescriptions and the like and may in the future.

13

20. As a further result of the negligent infliction of emotional distress of defendants CITY OF HARTFORD, JARRETT HUNTER, ADAM DEMAINE, CHRISTOPHER HUNYADI, ANTHONY GAUADINO and CLIDE PATINO, the plaintiff MISSY STODDARD was unable to perform the usual activities of her household and everyday life as she did prior to this occurrence, all to her further loss and detriment.

**WHEREFORE:** The Plaintiff claims:

1. Damages;

2. Punitive damages;

3. Attorney's fees; and

4. Costs.

Dated at East Hartford, Connecticut this 5th day of September 2023.

PLAINTIFF MISSY STODDARD,

By: _____
William B. Wynne, Esq.
**ADLER LAW GROUP**
111 Founders Plaza, Suite 1102
East Hartford, CT 06108
Phone: (860) 282-8686
Fax:   (860) 282-8688
Juris No.: 428826

14

**RETURN DATE: OCTOBER 17, 2023**      :      SUPERIOR COURT

MISSY STODDARD      :      J.D. OF HARTFORD

V.      :      AT HARTFORD

CITY OF HARTFORD, JARRETT HUNTER,
ADAM DEMAINE, CHRISTOPHER HUNYADI,
ANTHONY GAUADINO, and CLIDE PATINO    :      SEPTEMBER 5, 2023

## AMOUNT IN DEMAND

The amount, legal interest or property in demand is FIFTEEN THOUSAND ($15,000.00) DOLLARS or more, exclusive of interest and costs.

PLAINTIFF MISSY STODDARD,

By: _____

William B. Wynne, Esq.
**ADLER LAW GROUP**
111 Founders Plaza, Suite 1102
East Hartford, CT 06108
Phone: (860) 282-8686
Fax:   (860) 282-8688
Juris No.: 428826

15